UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| James Hampton, Sr. | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| v. | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| Mandy Management, LLC | : | |
| | : | January 25, 2013 |
| Defendant | : | |

## COMPLAINT

1.   Defendant Mandy Management, LLC hired Plaintiff James Hampton, Sr. to work day and night as a building superintendent in one of the largest and most challenging apartment buildings in New Haven.  Over the course of a year Defendant paid Plaintiff for exactly 1 hour of his time per week at a rate of $84.02 per hour: a total of $3,864.92 for a year's worth of work.

2.   Plaintiff alleges, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., that he entitled to recover from Defendant: (1) unpaid minimum wages, (2) unpaid overtime, (3) liquidated damages, (4) attorneys' fees and costs, and whatever other relief the court deems just.

3.   Plaintiff further alleges, pursuant to Connecticut Wage and Hour laws, Connecticut General Statutes §31-60, et seq., that he is entitled to recover from Defendant (1) unpaid minimum wages, (2) unpaid overtime, (3), liquidated damages, (4) attorneys' fees and costs, and whatever other relief the court deems just.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391.

**Plaintiff**

6. James Hampton, Sr. is a Connecticut resident who was employed by the Defendant from the end of November, 2011 through December, 2012.

**Defendants**

7. The Defendant Mandy Management, LLC, is a real estate management company, organized under the laws of the state of Connecticut, located at 399 Whalley Avenue in New Haven, Connecticut with annual sales of more than $500,000.

**STATEMENT OF FACTS**

8. In November of 2011, Defendant hired Plaintiff, a partially disabled senior citizen, to be a building superintendent in Defendant's 54-unit apartment building located at 1523 Chapel Street, New Haven, Connecticut.

9. During his time working for Defendant, Plaintiff routinely cleaned the inside and outside of the building, landscaped, mowed the lawns, snaked toilets, fixed locks, monitored complaints from tenants, shoveled snow, attended to tenant security complaints, monitored security camera footage through a laptop installed in his apartment, interacted with police and other city officials, engaged in a foot patrol within the hallways of the building, dealt with utility company representatives, and generally attempted to advocate for the tenants with respect to building security and sanitation.

10. Between November of 2011 and December of 2012, Plaintiff typically worked anywhere between forty and sixty hours per week, but was only paid for one hour per week, at a rate of $84.02 per hour.

11. Plaintiff's W-2 for the year 2012 indicates that he was paid a total of $3,864.92.

## COUNT ONE - FAIR LABOR STANDARDS ACT
### (Minimum Wage and Overtime)

12. By the conduct described above, Defendants violated Plaintiff's right to be paid minimum and overtime wages consistent with the provisions of the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

13. The Defendant's conduct as described above was in willful violation of the Plaintiff's rights pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq.

14. As a result of the Defendant's conduct as described above, the Plaintiff suffered a loss of wages.

## COUNT TWO - CONNECTICUT GENERAL STATUTES § 31-72
### (Minimum Wage, Overtime, and All Wages Due)

15. By the conduct described above, the Defendant violated Plaintiff's right to be compensated for his hours of work consistent with the provisions of the Connecticut wage and hour laws, including but not limited to Connecticut General Statutes §31-60, et seq.

16. The Defendant's failure to compensate the Plaintiff for hours worked consistent with Connecticut law was in bad faith and/or was unreasonable or arbitrary.

17. As a result of the Defendant's conduct as described above, the Plaintiff suffered a loss of wages.

WHEREFORE the Plaintiffs pray that the Court grant the following relief:

1. Award Plaintiff any and all wages and benefits which Plaintiff has lost as a result of Defendant's illegal conduct, including payment of interest on all wages and benefits due;

2. Award the Plaintiff double damages and reasonable attorneys fees and costs pursuant to C.G.S. § 31-72;

3. Grant the Plaintiff liquidated damages under 29 U.S.C. §216(b);

4. Grant the Plaintiff attorneys fees, costs and pre-judgment interest; and

5. Award to Plaintiff such other legal or equitable relief as the Court deems just.

                              THE PLAINTIFF


                        By: _____/s/_____
                              James Bhandary-Alexander, ct28135
                              New Haven Legal Assistance
                              426 State Street
                              New Haven, CT 06510
                              (203) 946-4811 (x 136)
                              jbhandary-alexander@nhlegal.org


## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2013, a copy of the foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


                              _____/s/_____
                              James Bhandary-Alexander, ct28135

